IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIMINAL NO. 02-30032-01-GPM |
| | ) |
| ROBERT GAITHER, JR., | ) |
| REG. NO. 05927-025, | ) |
| | ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter is before the Court on motions to reduce Defendant Robert Gaither, Jr.'s, sentence pursuant to 18 U.S.C. § 3582(c)(2) – a *pro se* motion filed in August 2008 (Doc. 134) and a motion filed by appointed counsel in January 2010 (Doc. 162). The Government opposes the motions.[1]

On October 15, 2002, Gaither was sentenced to 262 months, to run concurrently, on conspiracy to distribute crack cocaine, distribution of crack cocaine, and possession with intent to distribute crack cocaine charges (Counts 1, 3, and 4, respectively). He also was sentenced to 240 months, to run concurrently, for distribution of (powder) cocaine (Count 2) because that charge carried a statutory maximum of 20 years. The guideline range calculated by the Court at sentencing was based on a total offense level of 37 and a criminal history category of III, resulting in a

---

[1] The Court has considered similar arguments made in other factually similar cases, which are cited in defense counsel's motion (*see* Doc. 162, ¶ 11).

guideline range of 262 months to 327 months on the crack cocaine charges; the range was capped by statute at 240 months on the powder cocaine charge.[2] Gaither's sentence later was reduced from a total term of 262 months to a total term of 173 months under Federal Rule of Criminal Procedure 35 (Doc. 123).

The Government argues that Gaither is not entitled to a reduction in his guideline offense level following the retroactive amendment to the crack cocaine guideline because Gaither's relevant conduct is in excess of 4.5 kilograms of crack cocaine. *See United States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009) (stating that the guideline amendment "affects only defendants who are responsible for distributing fewer than 4.5 kilograms of crack cocaine"). But at sentencing, this Court found simply that Gaither's relevant conduct exceeded 1.5 kilograms of crack cocaine. Even if this Court were to re-calculate Gaither's relevant conduct (which it declines to do), the Presentence Investigation Report (PSR) attributed "a combined total in excess of 3 kilograms of cocaine base in the form of crack cocaine" to Gaither; additional amounts were supported only by Gaither's own proffer statement (PSR, ¶ 34). The Court rejects the Government's argument.

Counsel asks the Court to reduce Gaither's offense level from 37 to 35 and to use its discretion to sentence Gaither below the resulting amended guideline range of 210 to 262 months. Alternatively, counsel requests a sentence at the low end of the amended guideline range. The request for a sentence below the guideline range was intended to preserve the issue for further review. The Supreme Court now has spoken: this Court is not authorized to sentence Gaither below

---

[2]The Minutes and Judgment and Commitment show the applicable guideline range as 240 months to 327 months, encompassing the range on all charges. For purposes of calculating any amended guideline range under the amended guideline provision for crack cocaine offenses, the applicable range originally found is 262 to 327 months.

the amended guideline range, unless the sentencing court originally imposed a term of imprisonment below the guideline range. *See Dillon v. United States*, No. 09-6338, 2010 WL 2400109 (June 17, 2010); *see also United States v. Cunningham*, 554 F.3d 703 (7th Cir.), *cert. denied* 129 S. Ct. 2826 and 129 S. Ct. 2840 (2009).[3]

Counsel's motion encompasses Gaither's *pro se* arguments; therefore, the *pro se* motion (Doc. 134) is **DENIED as moot**. The motion filed by counsel (Doc. 162) to reduce Gaither's total offense level from 37 to 35 is **GRANTED**. By separate written order, Gaither's sentence is reduced from 173 months to a total term of **139 months**, which reflects a low-end sentence (210 months) reduced by 34 percent to reflect the benefit of the reduction previously granted under Rule 35. Except as provided herein, all provisions of the Judgment dated October 15, 2002, remain in effect.

**IT IS SO ORDERED.**

DATED:  06/23/10

s/ *G. Patrick Murphy*<br>G. PATRICK MURPHY<br>United States District Judge

---

[3] While defense counsel argues for a sentence below the amended guideline range for other reasons, such relief actually is available because Gaither's sentence previously was reduced below the applicable guideline range pursuant to Federal Rule of Criminal Procedure 35.